# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DANIEL A. BERGER, *et al.* | : CIVIL ACTION |
|---|---|
| | : |
| v. | : NO. 19-1540 |
| | : |
| PHILADELPHIA PARKING | : |
| AUTHORITY, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**  September 18, 2019

A Philadelphia attorney failing to pay four Philadelphia parking tickets after unsuccessfully contesting the tickets now alleges the Commonwealth's and the City of Philadelphia's statutory scheme affording him notice and an opportunity to challenge his delinquent parking tickets before and after towing his car and before selling his car at auction violates the Due Process Clause. He also claims the fees necessary to get his car back under City ordinances violate the Eighth Amendment's prohibition on excessive fines and otherwise violate federal consumer protection laws. The eventual auction of the attorney's car followed several rounds of state proceedings at the administrative and the trial court levels. He continues to litigate appeals in the state court. We earlier dismissed his first attempt at creatively finding a federal claim to challenge the penalty for failing to pay parking tickets. We now do so again as to his amended complaint but with prejudice as to the City, its agents and Parking Authority. He fails to state a constitutional or a consumer protection claim.

I.  **Alleged facts and the public record from state court.**[1]

The Philadelphia Parking Authority ticketed Philadelphia attorney Daniel Berger's car four times from January to July 2018 for illegal parking in the City.[2] He refused to pay the tickets.[3] He contested each of the four tickets with the City of Philadelphia's Bureau of Administrative Adjudication.[4] On August 29, 2018, the City notified Attorney Berger he did not adduce sufficient evidence to dismiss the tickets.[5] The Notice advised him as to his appeal rights.[6] Attorney Berger elected not to appeal the Bureau's decision on each of the four tickets.[7] He also did not pay the outstanding tickets.[8] The Parking Authority then towed his car when lawfully parked for failing to pay the four parking tickets on December 8, 2018.[9]

One day after the towing, an unplead state actor notified Attorney Berger of his rights under Pennsylvania Law to recover his towed car by paying the towing and daily storage fee and pursuing an administrative hearing under the Philadelphia Traffic Code.[10] The state actors notified Attorney Berger if he did not recover his car by December 24, 2018, the Parking Authority would petition the Philadelphia County Court of Common Pleas for leave to sell his car at auction on January 10, 2019.[11] Attorney Berger neither paid the fees nor sought an administrative hearing.[12] He instead threatened to "prosecute" state actors and demanded the return of his car.[13] He alleges the December 9, 2018 Notice violates his due process rights because it did not describe his right to an expedited hearing nor his right to get his car back without paying the tickets if he could show the Parking Authority immobilized or impounded his car "without reasonable cause" to believe he violated the traffic ordinances and laws, or if the law did not authorize the towing or booting.[14] The Parking Authority petitioned for leave to sell the car on December 24, 2018. Attorney Berger did not oppose this petition. The Parking Authority then filed a new petition for leave to sell on March 25, 2019 following a second notice of impounding the car.[15] Attorney Berger did not

contest this petition. The state court granted the Parking Authority's second petition for leave to sell Attorney Berger's car on March 25, 2019.[16]

Only then did Attorney Berger seek an administrative hearing before the City's Bureau of Administrative Adjudication.[17] He attended an appeal hearing on March 28, 2019.[18] At the appeal hearing, Attorney Berger believed the Parking Authority's Hearing Examiners failed to conduct an appropriate inquiry of "whether reasonable cause existed to believe that the vehicle immobilized or impounded was in violation of the traffic ordinances and laws" of the City or the Commonwealth.[19] The Hearing Examiners allegedly failed to inform Attorney Berger of the law allowing him to seek an immediate return of his car without payment if he could show the Parking Authority impounded his car without reasonable cause.[20] The Hearing Examiners allegedly "lied" to Attorney Berger by insisting he could get this car back only if he fully paid all delinquent parking tickets, towing and storage fees, and waived his right to contest the four parking tickets and related fees.[21] Attorney Berger alleges the Hearing Examiners "lied" by insisting he must challenge the underlying tickets if he wanted to challenge the impoundment, but he could not challenge the four underlying tickets in the appeal hearing.[22] Attorney Berger is presumed to know the law. If his adversary or tribune misunderstands the law, he may appeal. Labeling them "liars" is not the proper step. For unknown reasons, the Hearing Examiners allegedly called security when Attorney Berger continued protesting "the unlawful nature of their actions."[23] The Hearing Examiners rejected Attorney Berger's appeal.[24]

Attorney Berger did not choose to appeal the Hearing Examiners' decision to the state court as he is entitled to do under Philadelphia ordinances.[25] Hearing nothing, the Parking Authority filed suit in the Philadelphia Court of Common Pleas seeking leave to sell Attorney Berger's car at public auction.[26] Attorney Berger moved to intervene on April 9, 2019 and stay the Parking

Authority's suit in state court.[27] He argued the Parking Authority violated his due process rights by issuing fraudulent tickets from January to July 2018, did not fairly and properly hold administrative hearings adjudicating the underlying parking violations, and improperly used attorneys from the Parking Authority's office of General Counsel to defend the City and its administrative agency.[28] The state court granted Attorney Berger's motion to intervene but denied his motion to stay the proceedings.[29] He then turned around and filed another appeal in the state court with an emergency motion to stay the public auction of his car.[30] The state court denied his relief and shortly thereafter extinguished Attorney Berger's interests in his car.[31] There is no pleading or public record confirming Attorney Berger appealed these state court orders as yet.

Attorney Berger continues his appeal of the City's March 2019 administrative agency decision in the Philadelphia Court of Common Pleas.[32] The state court scheduled oral argument on his appeal for after November 4, 2019.[33]

## II. Analysis.

Attorney Berger then sued in this Court challenging the constitutional validity of the Commonwealth's and the City's parking enforcement statutory scheme.[34] After we dismissed his Complaint following extensive oral argument but granted him leave to amend, he filed a 114-paragraph amended Complaint. Attorney Berger raises claims under 42 U.S.C. § 1983, alleging state actors unreasonably seized his car without a warrant in violation of the Fourth Amendment.[35] Attorney Berger alleges the Philadelphia Parking Code's impoundment procedures are unconstitutional because they allow towing or booting without a warrant and without reasonable cause to believe the car is parked in violation of law.[36] Attorney Berger also raises civil rights claims alleging state actors misled him by saying his car could only be released upon full payment of delinquent parking tickets and fees. Attorney Berger alleges the City deceived him because he could theoretically have his car returned without payment upon showing the Parking Authority

4

immobilized or impounded his car without reasonable cause to believe a violation of traffic ordinances, City or Commonwealth laws occurred.[37] He also alleges the collection activities violate federal consumer protection laws.

The City (including its Bureau of Administrative Adjudication and its Hearing Examiners) and the Parking Authority move to dismiss arguing Attorney Berger fails to state a claim upon which relief can be granted. The Parking Authority also argues we lack jurisdiction under the *Younger* abstention doctrine. We dismiss finding Attorney Berger fails to state a claim.[38] As he fails to state a claim, we do not address abstention.

### A. We dismiss Attorney Berger's second attempt to plead Fourth Amendment due process violations by the Parking Authority and City agents.

Attorney Berger alleges Parking Authority agents unreasonably seized his car under the Fourth Amendment without due process, and by acting under Philadelphia Traffic Code, they acted under color of state law.[39] Attorney Berger argues the agents may only seize a car when reasonable under the circumstances or under the authority of a warrant. No judicial officer issued a warrant before the tow. He also argues the agents could not tow his car when they did because he lawfully parked the car on December 8, 2018.[40]

The City and its Administrative Bureau counter by arguing the Commonwealth's statute authorizing impoundment of cars with delinquent parking tickets serves a compelling public interest and does not infringe on individual privacy interests.[41] The City argues possible infringement took place only after full due process with the right to protest tickets.[42] Attorney Berger protested his tickets; he lost this protest; he then refused to pay his fines. The City then looked to sell his car at auction under Pennsylvania law.[43]

The Parking Authority also argues Attorney Berger cannot plead a Fourth Amendment violation because the City acted reasonably in the long-standing practice under law to impound

5

cars with delinquent parking tickets.⁴⁴ It also argues affording more than sufficient due process through numerous opportunities to appeal the towing of a car before the Examiners and continuing now with the ongoing appeal in the Court of Common Pleas.⁴⁵

We must balance the "intrusion on the individual's Fourth Amendment interests against [the state actor's] promotion of legitimate governmental interests."⁴⁶ The ultimate question in a Fourth Amendment inquiry is whether the state actor's conduct is reasonable.⁴⁷ "A prima facie case under section 1983 requires a plaintiff to demonstrate: (1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law."⁴⁸

We begin with persuasive guidance from the Court of Appeals for the District of Columbia in *Tate v. District of Columbia* addressing a similar due process claim following the tow and sale of a car for failing to pay parking tickets.⁴⁹ In *Tate*, the District issued two parking tickets and Ms. Tate chose not to pay them. The District may tow Ms. Tate's car under its parking law.⁵⁰ The District sold the car when Ms. Tate did not pay her fines.⁵¹ Ms. Tate sued the District, raising common law tort claims and section 1983 claims for depriving her rights under the Fourth and Fifth Amendment. Like Mr. Berger, Ms. Tate argued "the booting, towing and sale of her vehicle constituted an unreasonable seizure in violation of the Fourth Amendment."⁵² The court of appeals found the District's impoundment to be a "graduated forfeiture procedure" and, like others around the country, constitutional.⁵³ The court of appeals described the District's towing procedure as "both deter[ing] drivers from committing traffic and parking infractions in the first instance and induc[ing] delinquents to pay penalties once incurred."⁵⁴ The court of appeals concluded the towing forfeiture procedure is "firmly fixed in the punitive and remedial jurisprudence of the country."⁵⁵ The court of appeals rejected this due process claim.

6

In *Oberhausen v. Louisville-Jefferson County Metro Government*, eleven individuals brought Fourth Amendment unreasonable seizure and Fourteenth Amendment due process claims against the Metro Government for towing or booting their cars after accumulating a requisite number of delinquent parking tickets without an additional hearing.[56] All plaintiffs received citations after parking their cars in violation of parking ordinances.[57] The parking tickets contained the car owner's due process rights including payment procedures, appeal procedures, and consequences of failing to pay or appeal the ticket.[58] Judge Heyburn analyzed the issues under *Mathews v. Eldridge*[59] and concluded as long as adequate post-deprivation procedures are available to owners of impounded cars, neither booting nor towing required an additional hearing before deprivation.[60]

A fair contrast to *Oberhausen* may be found in Judge Hendren's analysis in *Gross v. Carter*.[61] Bentonville City booted Mr. Gross's car under authority of city ordinances.[62] But no challenged ordinance, statute or city rule or regulation offered a pre-deprivation or post-deprivation hearing concerning the booting of cars, depriving Mr. Gross of his due process meaningful opportunity to be heard.[63] Judge Hendren found this lack of a warning constitutes a lack of due process concerning booting cars and invalidated the challenged ordinance.[64]

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."[65] Due process requires Attorney Berger's notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[66]

Impounding cars with delinquent parking tickets is expressly authorized under Pennsylvania law and the Philadelphia Traffic Code.[67] In the event of impoundment, the Philadelphia Traffic Code allows the car owner to request an expedited hearing.[68] The purpose of

7

the expedited hearing is to determine whether reasonable cause existed to believe the car owner or driver violated Philadelphia or Pennsylvania traffic and parking laws and if the towing is legally authorized.[69] The City may impound the car but must afford an immediate expedited hearing on whether it can sell the car.

The City and Parking Authority impounded Attorney Berger's car only after he accumulated four parking tickets and did not pay them for months after losing his ticket contest. After impoundment, the Parking Authority provided notice to Attorney Berger of his right to an expedited hearing. He failed to succeed at a later hearing. To the contrary, he apparently became so upset to warrant a call to security. Attorney Berger failed to exercise his rights, at least until he moved to intervene and unsuccessfully stay the sale of his car in the Parking Authority's suit. The Parking Authority and City, through Pennsylvania courts, continue to afford due process to Attorney Berger.

Due process does not mean Attorney Berger gets to choose when and to whom he can appeal. The Commonwealth's and City's laws afforded him many opportunities to challenge his car's towing. He took advantage of two opportunities and chose not to timely pursue others. The City and Parking Authority afforded him meaningful opportunities. They provided ample due process at each stage of this graduated forfeiture procedure.

### B. We dismiss Attorney Berger's attempt to plead the Parking Authority and the City violated his Eighth Amendment right to be free from excessive fines.

Attorney Berger alleges the Parking Authority violated his Eighth Amendment right to be free from excessive bail and fines. Attorney Berger argues the value of his towed car exceeded the amount of his underlying obligations.[70] Attorney Berger relies on *Timbs v. Indiana*[71] where the Supreme Court concluded the forfeiture of a criminal defendant's car violated the Eighth Amendment.[72]

8

In *Timbs*, a criminal defendant plead guilty to dealing controlled substances and conspiracy to commit theft.[73] The state seized the criminal defendant's car upon arrest.[74] The criminal defendant purchased the car for $42,000 using money received from his deceased father's life insurance policy.[75] The state sought civil forfeiture of the car because the criminal defendant used the car to transport heroin.[76] The trial court denied the state's request for forfeiture because the criminal defendant purchased the car for more than four times the maximum $10,000 fine assessable for the drug conviction.[77] The trial court concluded the car's forfeiture would be "grossly disproportionate to the gravity of [the criminal defendant's] offense."[78] The Indiana Supreme Court reversed, holding the Excessive Fines Clause only limits federal action and is inapplicable to states. The Indiana Supreme Court did not decide whether Mr. Timbs' particular forfeiture would be excessive.[79]

Attorney Berger misstates the holding from *Timbs*. The question presented to the United States Supreme Court in *Timbs* addressed whether the "Eighth Amendment's Excessive Fines Clause [is] an 'incorporated' protection applicable to the States under the Fourteenth Amendment's Due Process Clause,"[80] and more specifically whether civil *in rem* forfeitures are included in the incorporated Eighth Amendment protections. The Supreme Court did not necessarily agree with the trial court, as Attorney Berger states, Indiana violated Mr. Timbs' Eighth Amendment rights. The Supreme Court held "regardless of whether application of the Excessive Fines Clause to civil *in rem* forfeitures is itself fundamental or deeply rooted, [we conclude] the Clause is incorporated."[81]

The Parking Authority counters *Timbs* does not control.[82] *Timbs* involved a civil forfeiture of property used to commit crime, while in the instant case, the surplus is returned to the car owner

9

after sale of an impounded car net of the parking tickets.[83] The defendant receives the value of his car net of the City's fees and tickets.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[84] The Eighth Amendment's Excessive Fines Clause "limits the government's power to extract payments . . . as punishment for some offense."[85] "The crux of the inquiry under the Excessive Fines Clause is the principle of proportionality: 'The amount of forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.'"[86]

Attorney Berger argues the Parking Authority violated the Eighth Amendment by impounding his car with far greater value than the sum of his obligations to the Parking Authority.[87] The Parking Authority impounded Attorney Berger's car only after he failed to pay four tickets after losing his ticket contest. He knew the City would return his car when he paid the tickets. He also is entitled to the balance of the equity in his car after paying the tickets and fees.

## C. We dismiss Attorney Berger's consumer protection claims.

Attorney Berger seeks damages under the Fair Debt Collections Practices Act, Fair Credit Extension Uniformity Act, and Unfair Trade Practices and Consumer Protection Law alleging his obligation to pay towing fees, storage fees, and other costs under the Philadelphia Traffic Code constitute consumer debts and imposing those fees and costs violates these consumer protection laws. Attorney Berger argues his fee and cost obligations arise out of a consumer transaction and are for personal use under the Fair Debt Collection Practices Act.[88] He argues the demand to pay delinquent parking tickets, towing and storage fees to get his car returned is a "false, deceptive or misleading representation"[89] under the Fair Debt Collection Practices Act,[90] Fair Credit Extension

10

Uniformity Act, and Unfair Trade Practices and Consumer Protection Law.[91] Attorney Berger essentially argues he should be able to retrieve his car without paying these fees and costs because the City and Parking Authority did not have reasonable cause to find he violated the Philadelphia Traffic Code. We reject this theory.

### 1. Attorney Berger cannot plead a Fair Debt Collection Practices Act claim.

Attorney Berger's cite to the Fair Debt Collection Practices Act is misplaced. In *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, our Court of Appeals defined what obligations are "debts" under the Act. We must review whether the obligation "aris[es] out of a transaction,"[92] meaning a consensual exchange involving an affirmative "request,"[93] and "the rendition of a service or purchase of property or other item of value," such as a contract.[94] The obligation may also arise by "virtue of a legal status [such as] an involuntary obligation attendant to the fact of having a specific legal status such as that of a property owner."[95] If we conclude the obligation arises out of a transaction, we must next identify what "money, property, insurance, or services ... [] are subject of the transaction."[96] We lastly consider "the characteristics of that 'money, property, insurance, or services' to ascertain whether they are "primarily for personal, family or household purposes.'"[97]

Attorney Berger argues his obligation to pay parking tickets, along with the statutory fees and costs arise out of a "transaction" under the Act because no obligation would exist had he chosen to park on a private lot instead of a public street. But one fundamental flaw: Attorney Berger never asked the Parking Authority to tow his car. Attorney Berger simply accumulated the required number of four delinquent parking tickets under the Philadelphia Traffic Code permitting impoundment.[98] This is also not an involuntary obligation because Attorney Berger is not being

11

assessed simply for owning his car, like a homeowner must pay property taxes.[99] It stems rather from his non-compliance with the Philadelphia Traffic Code.

"[T]he original source of an obligation – not the subsequent method of collection – determines whether an obligation constitutes 'debt' under the [Act]."[100] In evaluating the transaction's primary purpose under the Act "we must identify the subject of the transaction itself: what is being rendered in exchange for payment?"[101] The Philadelphia Traffic Code provides "[f]ees shall be assessed to cover the costs of immobilization and/or impoundment of any vehicle or combinations immobilized or impounded pursuant to the provisions of this Chapter."[102] These fees are imposed to deter Philadelphia car owners from accumulating delinquent parking tickets. Their obligation is to repay the City for its towing costs. Why should City taxpayers pay the towing company for towing Attorney Berger's car under the law?

Attorney Berger argues his obligations to pay under the Traffic Code arise from personal use because he did not use his car for commercial purposes. But Attorney Berger fails to recognize the public nature of his obligations as a necessary part of a City-wide traffic ordinance and only to repay the City for its expenses. Attorney Berger's debt did not arise from a transaction. His debt does not arise from primarily "personal, family, or household purposes."[103] He cannot plead a Fair Debt Collection Practices Act claim.

### 2. Attorney Berger does not plead a claim under the Fair Credit Extension Uniformity Act claim.

To plead a claim under the Fair Credit Extension Uniformity Act, Attorney Berger must plead "he justifiably relied on the defendant's wrongful conduct or representation" and "suffered harm as a result of that reliance."[104] Attorney Berger must plead an (1) ascertainable loss of money or property, real or personal, (2) as a result of the Parking Authority or the City's prohibited conduct under this Act.[105]

12

Attorney Berger claims the Hearing Examiners misled him by explaining he needed to pay his delinquent parking tickets to recover his car without mentioning he could get the car back without payment based upon an evidentiary showing. The City and Parking Authority sent all required notices to Attorney Berger in connection with impoundment. Attorney Berger ignored taking the steps under the December 8, 2018 impoundment notice. The law provides Attorney Berger's rights. The state court later extinguished Attorney Berger's interests in his car when he failed in stopping the auction. He did not lose his car because of a misrepresentation or wrongful conduct by the City or Parking Authority.

### 3. Attorney Berger does not plead a claim under the Unfair Trade Practices and Consumer Protection Law.

To state a claim under the Unfair Trade Practices and Consumer Protection Law, "a plaintiff must show . . . he justifiably relied on the defendant's wrongful conduct or representation and . . . he suffered harm as a result of [such] reliance."[106]

Attorney Berger alleges the Bureau and Hearing Examiners misled him at the March 29, 2019 hearing by informing him he could only get his car back by paying delinquent tickets and fees.[107] In other words, he believes they misstated the law. But the Parking Hearing Examiners did not make misrepresentations to Attorney Berger to which he detrimentally relied. Financial obligations to the Parking Authority or the City accrued by Attorney Berger resulted from his failure to follow the available appeal process under the Philadelphia Parking Code.

## III. Conclusion.

In an accompanying Order, we grant the City's and the Parking Authority's motion to dismiss Attorney Berger's amended Complaint. As Attorney Berger once amended after extensive oral argument and still cannot cure his futile constitutional and consumer protection theories

against the City and Parking Authority, we dismiss his claims against the City, its agents, and Parking Authority with prejudice.[108]

---

[1] *Juday v. Sadaka*, No. 19-1643, 2019 WL 4139089, at *1 (E.D. Pa. Aug. 30, 2019) ("On a motion to dismiss under Rule 12(b)(6), the court may consider 'allegations contained in the complaint, exhibits attached to the complaint, and matters of public record.' *Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). The court may also consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.' *Buck v. Hampton Township School District*, 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004))").

[2] ECF Doc. No. 32 at ¶ 19.

[3] *Id.* at ¶ 20.

[4] ECF Doc. No. 1, Ex. 7, at 6.

[5] *Id.* at Ex. 2.

[6] ECF Doc. No. 32 at ¶ 71.

[7] *Id.* at ¶¶ 70-73.

[8] *Id.* at ¶ 20.

[9] *Id.* at ¶¶ 19-20, 24.

[10] ECF Doc. No. 1, Ex. 4, at 13-14.

[11] *Id.*

[12] *Id.* at 11-12.

[13] ECF Doc. No. 37-4 at 30 ("Please be advised . . . you are in possession of stolen property and demand is hereby made [to] return same or you will be subject to personal liability as authorized by the Philadelphia Home Rule Charter § 8-410. . . . This pattern of unlawful conduct will no longer be tolerated and rest assured, if you fail to return my property . . . in your possession through wrongful and unlawful conversion, you will be prosecuted to the fullest extent of the law.").

[14] ECF Doc. No. 32 at ¶ 66.

[15] ECF Doc. No. 32 at ¶¶ 103-104.

[16] ECF Doc. No. 37-5, at 1-2. (Judge Fox March 25, 2019 Order).

[17] ECF Doc. No. 32 at ¶¶ 73-77.

[18] *Id.* at ¶ 73.

[19] *Id.* at ¶ 74.

[20] *Id.* at ¶ 75.

[21] *Id.* at ¶ 76.

[22] *Id.* at ¶ 77.

[23] *Id.* at ¶ 78.

[24] *Id.* at ¶¶ 77-79.

[25] ECF Doc. No. 37-4, at 1-2. (April 2, 2019 Petition to Intervene).

[26] *Id.* at 10.

[27] *Id.* at 5-6.

[28] *Id.* at 7.

[29] ECF Doc. No. 37-6 at 1.

[30] ECF Doc. No. 37-4, at 2.

[31] ECF Doc. No. 37-12 at 1.

[32] ECF Doc. No. 37-8 at 1.

[33] ECF Doc. No. 37-13 at 1.

[34] ECF Doc. No. 1, Ex. 2.

[35] ECF Doc. No. 32 at ¶¶ 28-43.

[36] *Id.* at ¶ 43.

[37] *Id.* at ¶ 75.

[38] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiffs complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC,* 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.,* 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal,* 556 U.S. at 675, 679).

[39] ECF Doc. No. 32 at ¶¶ 26-29.

[40] We do not understand the reasoning here. The City can tow a car based on an Order regardless of whether it is legally parked at the time of executing the Order.

[41] ECF Doc. No. 36-1, at 9.

[42] *Id.*

[43] *Id.*

[44] ECF Doc. No. 37, at 13.

[45] *Id.*

[46] *Delaware v. Prouse,* 440 U.S. 648, 654 (1979).

[47] *Brigham City, Utah v. Stuart,* 547 U.S. 398, 403 (2006) ("[T]he ultimate touchstone of the Fourth Amendment is reasonableness.").

[48] *Groman v. Township of Manalapan,* 47 F.3d 628, 633 (3d Cir. 1995).

[49] *Tate v. District of Columbia,* 627 F.3d 904 (D.C. Cir. 2010), *cert. denied,* 563 U.S. 980 (2011).

[50] *Id.* at 912.

[51] *Id.*

[52] *Id.* at 911.

⁵³ *Id.*

⁵⁴ *Id.* at 909.

⁵⁵ *Id.*

⁵⁶ *Oberhausen v. Louisville-Jefferson County Metro Government*, 527 F. Supp 2d. 713, 715, 719 (W.D. Ky. 2007).

⁵⁷ *Id.* at 715.

⁵⁸ *Id.* at 716-17.

⁵⁹ *Id.* at 721 (citing *Mathew v. Eldridge*, 424 U.S. 319, 335 (1976) for the proposition "courts balance '[1] the private interest that will be affected by the official action . . . [2] the risk of an erroneous deprivation[;] . . . [3] the probable value, if any, of additional or substitute procedural safeguards; and . . .[4] the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'").

⁶⁰ *Id.* at 723.

⁶¹ *Gross v. Carter*, 265 F. Supp. 2d 995 (W.D. Ark. 2003).

⁶² *Id.* at 997.

⁶³ *Id.* at 1003.

⁶⁴ *Id.* at 1003-04.

⁶⁵ *Mathews*, 424 U.S. at 333-35.

⁶⁶ *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950).

⁶⁷ Pennsylvania Parking Authorities Law, 53 Pa.C.S.A. § 5505(d)(21)(iv) (providing the Parking Authority the ability, if granted by Philadelphia ordinance, to exercise powers necessary "to administer, supervise and enforce an efficient system of on-street parking regulation." This authority includes the power to issue parking tickets, collect fines and penalties and "boot or tow a vehicle which is illegally parked or the owner of which is delinquent in payment of previously issued parking tickets."); 12 Phila. City Code § 12-2405(1)(c.1) (providing the Parking Authority with the power to boot or tow a car with three or more delinquent parking tickets).

⁶⁸ 12 Phila. City Code § 12-2406(1)(a).

⁶⁹ *Id.*

[70] ECF Doc. No. 32 ¶¶ 28-31, 35.

[71] *Timbs v. Indiana*, __ U.S. __, 139 S. Ct. 682 (2019).

[72] ECF Doc. No. 37-4, at 13-14.

[73] *Timbs*, 139 S. Ct. at 684.

[74] *Id.*

[75] *Id.*

[76] *Id.*

[77] *Id.*

[78] *Id.*

[79] *Id.* at 686.

[80] *Id.*

[81] *Id.* at 691.

[82] ECF Doc. No. 43, at p. 5.

[83] 12 Phila. City Code § 12-2406.

[84] U.S. Const. amend. VIII.

[85] *Cain v. Bureau of Administrative Adjudication*, No. 16-613, 2016 WL 7156392, at *5 (E.D. Pa. Dec. 8, 2016) (citing *United States v. Bajakajian*, 524 U.S. 321, 328 (1998)).

[86] *Id.*

[87] ECF Doc. No. 32 at ¶ 31.

[88] *Id.* at ¶¶ 91-95.

[89] *Id.* at ¶ 105.

[90] 15 U.S.C. § 1692e(10).

[91] 73 Pa. C.S. § 2270.4(b)(5)(x).

[92] 15 U.S.C. § 1692a(5).

[93] *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000).

[94] *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 360 (3d Cir. 2018).

[95] *Id.* at 360 (citing *Pollice*, 225 F.3d at 401).

[96] *Id.* at 361 (citing 15 U.S.C. § 1692a(5)).

[97] *Id.* at 356 (citing 15 U.S.C. § 1692a(5)).

[98] 12 Phila. City Code § 12-2405(1)(c.1) ("Any vehicle may be removed, by means of towing . . . whenever any vehicle is . . . parked on a public street and has any combination of three or more delinquent parking tickets or violation notices issued . . . for which appropriate notice has been sent to the registered owner . . . .").

[99] *St. Pierre*, 898 F.3d at 360; *Pollice*, 225 F.3d at 401.

[100] *St. Pierre*, 898 F.3d at 361 (citing *Pollice*, 225 F.3d at 402).

[101] *Id.* at 362.

[102] 12 Phila. City Code § 12-2406.1(1).

[103] 15 U.S.C. § 1692a(5).

[104] *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004).

[105] *Kaymark v. Bank of America, N.A.*, 783 F.3d 168, 182 (3d Cir. 2015) (citing *Kern v. Lehigh Valley Hospital, Inc.*, 108 A.3d 1281, 1290 (Pa. Super. 2015)).

[106] *Yocca*, 854 A.2d at 438.

[107] ECF Doc. No. 32 at ¶¶ 73-78.

[108] Attorney Berger has yet to serve the remaining defendant KML Law Group, P.C.